IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| QUINTIN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20-cv-02013 |
| | ) |
| CITY OF URBANA and URBANA POLICE | ) |
| OFFICERS LT. RICHARD SURLES, SGT. | ) |
| MATT BAIN, MICHAEL CERVANTES, | ) |
| MICHAEL HEDIGER, ANTHONY | ) |
| MEENELY, and DAVE ROESCH, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, QUINTIN BROWN, by and through counsel, SHILLER*PREYAR LAW OFFICE, and complaining of the defendants, CITY OF URBANA URBANA POLICE OFFICERS LT. RICHARD SURLES, SGT. MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY, and DAVE ROESCH, states as follows:

### INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

### JURISDICTION

1.  This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiff QUINTIN BROWN is a citizen of the United States of America, who, at all times relevant, resided in Champaign County, Illinois.

5. Defendants LT. RICHARD SURLES, SGT. MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY, and DAVE ROESCH, ("Defendant Officers") were, at the time of this occurrence, a duly licensed Urbana Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity and/or supervisory capacity.

6. Defendant CITY OF URBANA ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

## FACTS

7. On or around 21 January 2018, there was a shooting at or around a fraternity party that left two women injured.

8. Defendant Officers fabricated an eyewitness identification to implicate Plaintiff and/or knew of the fabrication of eyewitness identifications that were used to implicate Plaintiff.

9. The fabrication of the eyewitness identifications was apparent on their face as there were scratches out and the use of white out.

10. Based upon that fraudulent identification, a warrant for Plaintiff's arrest was procured and he was, in fact, arrested.

11. There was no probable cause or lawful justification for the arrest of QUINTIN BROWN on 2 February 2018.

12. The acts of Defendant Officers were intentional, willful and wanton.

13. Based upon that fraudulent identification, Plaintiff was charged with multiple felonies and spent close to a year in jail for a crime he did not commit.

14. Ultimately, all charges against Plaintiff were dismissed in a manner consistent with his innocence and the case against him was closed on 22 January 2019.

15. As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

## COUNT I: 42 U.S.C. § 1983 – False Imprisonment/Arrest

16. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

17. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

18. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of her liberty and the taking of her person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, QUINTIN BROWN, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers, LT. RICHARD SURLES, SGT. MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY, and DAVE ROESCH, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – Unlawful Pretrial Detention

19. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

20. Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they submitted reports and statements to prosecutors with the intent of instituting and continuing judicial proceedings against Plaintiff.

21. Defendant Officers caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

22. As described more fully above, Defendant Officers, while acting individually, jointly, and in conspiracy with other unnamed individuals, deprived Plaintiff of his constitutional rights by the following:

    a. Deliberately withheld and concealed exculpatory evidence including but not limited to their misconduct detailed in sections b-d;

    b. Deliberately used improper and coercive procedures to forge an identification of Plaintiff;

    c. Deliberately fabricated evidence including but not limited to falsifying police reports in an attempt to implicate Plaintiff as the perpetrator; and

    d. Deliberately spoliated witness statements and evidence in an attempt to implicate Plaintiff as the perpetrator.

23. Defendant Officers continued to mislead and misdirect the criminal prosecution of Plaintiff during the pendency of his detainment.

24. As a result of the suppression hearing finding that the confession from Plaintiff was coerced, the state dismissed all charges against Plaintiff on June 21, 2018.

25. Defendant Officers' misconduct directly and proximately caused violations of Plaintiff's constitutional rights, loss of liberty, monetary expenses, emotional distress, and other injuries.

26. The misconduct described here was objectively unreasonable and undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

WHEREFORE the Plaintiff, QUINTIN BROWN, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, LT. RICHARD SURLES, SGT. MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY, and

DAVE ROESCH, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – Supervisory Liability

27. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

28. Defendant Officers violated Plaintiff's right by intentionally falsifying evidence against him and manifesting deliberate indifference to due process rights.

29. Defendants Surles and/or Bain knew that Defendant Officers were about to falsify evidence against Plaintiff and manifest deliberate indifference to his due process rights.

30. Alternatively, Defendant Surles and/or Bain knew that Defendants Cervantes, Hediger, Meenely, and Roesch had a practice of falsifying evidence and manifesting deliberate indifference to the due process of others in similar situations.

31. Defendants Surles and/or Bain directed, tolerated, condoned, and/or ratified the misconduct and failed to take prompt remedial action.

32. As a direct and proximate result of the unconstitutional conduct, Plaintiff was harmed including, but not limited to, severe pain, physical injury, mental suffering, anguish and humiliation, and loss of dignity.

WHEREFORE the Plaintiff, QUINTIN BROWN, purusant to 42 U.S.C. §1983, demands judgment against the defendants, LT. RICHARD SURLES and SGT. MATT BAIN, for compensatory damages, punitive damages, the costs of this action and

attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights

33. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

34. As described more fully above, Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime she did not commit, and to thereby deprive Plaintiff of her Constitutional rights, all as described more fully throughout this Complaint.

35. In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

36. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

37. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and she suffered damages, severe emotional distress and anguish, and a deprivation of her liberty, as is more fully alleged above.

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

39. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of her liberty. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and

humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, all to Plaintiff's damage.

WHEREFORE the Plaintiff, QUINTIN BROWN, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, LT. RICHARD SURLES, SGT. MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY, and DAVE ROESCH, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: 745 ILCS 10/9-102 – Indemnification

40. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.
41. Defendant City is the employer of the Defendant Officers.
42. The individually-named defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the Defendant City.

WHEREFORE the Plaintiff, WAYNE COLSON, demands that, should any individually-named defendants be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, CITY OF URBANA, be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

### COUNT VI: Intentional Infliction of Emotional Distress (State Law Claim)

43. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.
44. The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

45. Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

46. Defendant City is sued in this to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of their respective employment.

47. As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

WHEREFORE the Plaintiff, QUINTIN BROWN, demands judgment against the defendants, CITY OF URBANA, LT. RICHARD SURLES, SGT. MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY, and DAVE ROESCH, for compensatory damages, punitive damages, the costs of this action and legal costs, and any such other and further relief as this Court deems equitable and just.

### COUNT VII: Malicious Prosecution (State Law Claim)

48. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

49. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

50. Defendant City is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of this employment.

51. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, QUINTIN BROWN, demands judgment against the defendants, CITY OF URBANA, LT. RICHARD SURLES, SGT. MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY, and DAVE ROESCH, for compensatory damages, punitive damages, the costs of this action and legal costs, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

    Respectfully Submitted,

    **QUINTIN BROWN**

    By:   s/ Brendan Shiller
           *One of Plaintiff's Attorneys*

    Brendan Shiller
    SHILLER*PREYAR LAW OFFICE
    601 South California Avenue
    Chicago, Illinois 60612
    T: 312-226-4590
    F: 773-346-1221
    E: brendan@shillerpreyar.com